# IN RE ORCUTT.

---

PATENTS; ANTICIPATION; PATENTABILITY.

In a pitless wagon-scale, the substitution of commercially rolled channels having separable brackets, that is, brackets fastened by bolts, for the cast-iron channels with integral cast brackets of a previously granted patent, does not involve patentable invention, although the change enhances the utility of the device.

No. 522. Patent Appeals. Submitted November 17, 1908. Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims of an application for a patent.                                     *Affirmed.*

The facts are stated in the opinion.

*Mr. John C. Pennie* and *Mr. Chas. J. O'Neil* for the appellant.

*Mr. Paul Bakewell* and *Mr. F. R. Cornwall,* by leave of the court filed brief as *amicus curiæ.*

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

*Mr.* Justice ROBB delivered the opinion of the Court:

This is an appeal [by Darius M. Orcutt, assignor to the Standard Scale & Foundry Company] from the decision of the

Commissioner of Patents rejecting claims 1 to 6 of appellant's application. Claim 2 we think typical and sufficiently illustrative of the claims. This claim is as follows: "In a pitless wagon-scale, the combination with two commercially rolled channels forming the end members of the frame, means for connecting said channels together, castings secured to the inner faces of said channels, swinging members which are supported by said castings, rocker-shafts parallel with said end channels and provided with laterally-extending projections engaging said supporting members, said rocker-shafts also being provided with oppositely disposed projections for supporting the platform of the scale, rock-arms which are secured to said rocker-shafts and extend toward each other, and a cross-lever to which said rock-arms are connected,—all of the above-mentioned elements being above the horizontal plane of the bottom faces of the channel end frames; substantially as described."

The subject-matter of these claims relates to a pitless wagon-scale, the structure of which may be readily understood from reading the above claim.

Appellant's application was originally involved in interference with a patent to McDonald & McDonald for the same claims. The McDonald & McDonald application was filed June 30, 1904, and a patent was granted thereon June 6, 1905. Thereupon Orcutt copied the claims of the issue, and an interference was declared. The Examiner of Interferences awarded priority to McDonald & McDonald. Orcutt thereupon appealed to the Examiners-in-Chief, who, without passing upon the question of priority, stated to the Commissioner, under rule 126, that in their opinion the claims in issue were unpatentable in view of a prior patent to McDonald & McDonald dated February 17, 1903. Under the practice, the case was thereupon referred to the Primary Examiner, who rejected the claims in accordance with the views of the Examiners-in-Chief, pointing out, however, certain structural differences between the claims and said prior patent to McDonald & McDonald. Upon appeal to the Examiners-in-Chief, they again held the claims not patentable, which decision the Commissioner affirmed. This appeal ensued.

In view of the inadvertence of the Patent Office in granting a patent to McDonald & McDonald for the claims of the issue, which patent is now beyond the control of the Office, it would probably have been the more equitable practice to have assumed patentability in the interference proceeding, for the purpose of determining the question of priority between the two parties thereto. However, it was within the scope of the Commissioner's authority to dissolve the interference, if convinced that the issue was not patentable. Should we declare the rejected claims patentable, the result would be that an interference would again be declared and the question of priority determined. It will thus be seen that the decision of the Commissioner dissolving the interference did not preclude Orcutt, if there was merit in his claims, from ultimately contesting the question of priority with the patentee McDonald & McDonald. We therefore pass to a consideration of the question involved in this appeal, which is the patentability of the rejected claims.

Orcutt in his brief states that all the elements set forth in his claims are found in the original McDonald & McDonald patent, "with the exception that in the scale of the McDonald patent (of Feb. 17, 1903.) the end frames are cast-iron I beams having vertical webs, the inner faces of which are provided with integral brackets for supporting the stirrups or swinging members, while in the construction set forth in the claims 1 to 6 in question, the end frames are commercially rolled channels, instead of cast-iron, and the brackets are separable castings, instead of being integral parts of the webs of the end frames." In other words, Orcutt has employed rolled channels having separable brackets, that is, brackets fastened by bolts, in place of cast-iron channels with integral cast brackets. We agree with the Commissioner that the substitution of commercially rolled channels for the castings of the patent did not involve patentable invention. While this change undoubtedly enhanced the utility of the device, it is plain, we think, that it would have been obvious to any ironworker.

In the brief of McDonald & McDonald which they were permitted to file, it is urged that weight should be given to the

limitation contained in the claims that "all of the above-mentioned elements are above the horizontal plane of the bottom faces of the channel end frames." Manifestly, as observed by the Commissioner, if these elements were not "above the horizontal plane of the bottom faces of the channel end frames" the scale would not be entitled to be designated as a "pitless" scale. Being thus aptly described, the manner of securing the castings to the channel bar is obvious.

The decision of the Commissioner is right, and is affirmed.

The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                    *Affirmed.*