### In re COYKENDALL.

Court of Appeals of District of Columbia.

Submitted Nov. 12, 1928. Decided Dec. 3, 1928.

No. 2073.

Merton W. Sage, of New York City, and Richard K. Stevens and Clarence M. Fisher, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents affirming concurring decisions of the examiner and board of examiners in chief, rejecting all of the claims, twelve in number, of appellant's application for a patent.

The invention claimed is described as a system of marine propulsion particularly adapted for boats in which the capability of quick maneuvering is essential. The invention is embodied in a boat in which the motive power is derived from an internal combustion engine, specifically a Diesel engine. The engine is directly connected to a two-part ahead-motion shaft, the two parts of which are connected by a friction power clutch adapted to slip under excessive load and operated by fluid pressure. A two-part astern-motion shaft with its two parts connected by a friction power clutch is geared to the first-mentioned shaft between the engine and the friction clutches. The other or rear part of each of these shafts is geared to the propeller shaft. The gears always remain in mesh, and the engine under all conditions of operation and maneuvering continues to rotate in the same direction. The ahead-motion shaft is mounted at a higher level than the astern-motion shaft, and the latter and the propeller shaft are at the same level. The change from motion ahead and to motion

astern, and vice versa, is controlled by operation of the clutches. The clutches are operated by fluid pressure, and when one is engaged the other is disengaged, or both may be disengaged. When the clutch on the ahead-motion shaft is engaged (and the other clutch disengaged), the propeller is connected to the engine for ahead-motion; when the clutch on the astern-motion shaft is engaged (and the other clutch disengaged), the propeller is connected to the engine for astern motion; and when both clutches are disengaged, the propeller and engine are disconnected. The system includes control means for actuating the clutch associated with the ahead-motion shaft and simultaneously disengaging the other clutch and for actuating the clutch associated with the astern-motion shaft and simultaneously disengaging the other clutch and for simultaneously disengaging both clutches, as required in navigating and maneuvering the boat.

Claims 1 and 7 of the application are illustrative, and read as follows;

"1. A system of marine propulsion, comprising a propeller, an internal combustion engine, a two-part ahead-motion shaft, a power clutch of the fluid pressure operated friction type adapted to slip under excessive load and arranged to either operatively connect or disengage the two parts of said ahead-motion shaft, a two-part astern-motion shaft, a power clutch of the fluid pressure operated friction type adapted to slip under excessive load and arranged to either operatively connect or disengage the two parts of said astern-motion shaft, permanently engaged gearing for operatively connecting said engine to said propeller through said ahead-motion shaft to effect ahead propulsion when the clutch in that shaft is energized and the other clutch disengaged and for operatively connecting said engine to said propeller through said astern-motion shaft to effect astern propulsion when the clutch in the latter shaft is energized and the other clutch disengaged, and control means for energizing at will one or the other of said clutches."

"7. A system of marine propulsion, comprising a propeller shaft, an engine, a two-part ahead-motion shaft operatively connected to said engine, a two-part astern-motion shaft, a clutch operatively associated with each of said ahead-motion and astern-motion shafts and arranged to either connect or disengage the two parts of the shaft, the axes of said propeller and astern-motion shafts being in substantially the same horizontal plane and the axes of said propeller and ahead-motion shafts being in substantially the same vertical plane with the ahead-motion shaft at a higher lever than the propeller shaft, permanently engaged gearing for operatively connecting said engine to said propeller shaft through said ahead-motion shaft to effect ahead propulsion and through said astern-motion shaft to effect astern propulsion, and control means for (1) actuating the clutch associated with said ahead-motion shaft and simultaneously disengaging the other clutch and for (2) actuating the clutch associated with said astern-motion shaft and simultaneously disengaging the other clutch and for (3) simultaneously disengaging both of said clutches as desired."

The rejection below was based chiefly on the Sitney patent, No. 1364325, August 3, 1920; it being claimed that the Sitney patent discloses the same system that appellant's application discloses and designed for the same purpose. It appears, however, that whereas appellant's system uses a simple friction clutch, the Sitney system used a compound clutch, one member of which was a friction clutch and the other a lock clutch, and that the Sitney system was inoperative because proper co-ordination could not be attained in action between these two parts. This defect was inherent in the structure, and was not capable of correction by the exercise of mere mechanical skill. The clutch which appellant uses is the Metten clutch; and it is claimed that inasmuch as this was already known in the art there was no invention in substituting it for the clutch of Sitney in appellant's system. And upon this ground appellant's claims were rejected by the officials of the Patent Office. Other references also were cited which we need not consider separately.

We are constrained to disagree with this ruling. The appellant has produced a new combination which is possessed of great practical value and is performing actual service in commerce. It is true that the elements entering into the combination, if taken separately, were not invented by appellant; but these were never before combined into a structure which actually functioned. The appellant was the first to combine them so as to bring a new system of machinery into actual public service, where its usefulness and value are approved by notable commercial success. The invention of Sitney, on the other hand, was inoperative; it never entered into actual service, and cannot be considered as an anticipation of appellant's invention. "A patent for an invention which successfully accomplishes a useful result is not void, for anticipation or prior use, because of a prior

device, however similar in combination or close in resemblance to that of the patent, where such prior device was not operative, and failed to produce the result sought, and which is produced by the device of the patent." General Electric Co. v. Wise (C. C.) 119 F. 922. See, also, Hale & Kilburn Mfg. Co. v. Oneonta Co. (C. C.) 129 F. 598; Diamond Patent Co. v. S. E. Carr Co. (C. C. A.) 217 F. 400; Permutit Co. v. Harvey Laundry Co. (C. C. A.) 279 F. 713; Kirchberger v. American Acetylene Co. (C. C.) 124 F. 764; In re Eastwood, 33 App. D. C. 291.

[3] It may be added that in doubtful cases it is the established rule in this court to resolve the doubt in favor of the applicant. In re Henry, 55 App. D. C. 396, 6 F.(2d) 699.

The decision of the Commissioner of Patents rejecting appellant's claims is reversed.