## MINNESOTA MIN. & MFG. CO. v. COE, Com'r of Patents.

### No. 66409.

District Court of the United States for the District of Columbia.

Jan. 25, 1940.

Harold J. Kinney, of St. Paul, Minn., H. H. Benjamin, of Washington, D. C., Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, for plaintiff.

W. W. Cochran and E. T. Newton, Patent Office, both of Washington, D. C., for defendant.

BAILEY, Justice.

The above entitled cause having been tried on December 13, 1939, after due consideration the Court enters the following findings of fact and conclusions of law, pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c:

### Findings of Fact

1. This suit was brought under the provisions of Section 4915, R.S., as amended (U.S.C., Title 35, § 63, 35 U.S.C.A. § 63), by the Minnesota Mining & Manufacturing

Company, plaintiff, as assignee of the patent application of Howard G. Bartling, S.N. 692,551, filed in the United States Patent Office on October 6, 1933, for "Abrading Element", for a judgment authorizing the Commissioner of Patents to issue to plaintiff a patent containing claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of said patent application.

2. At the trial, on motion of the plaintiff, a request was made that claims 7, 8, 12, 16, 17, 18, 19, 20, 21, 22 and 23 be retained for purposes of trial, and that the other claims, namely, claims 1 to 6 inclusive, 9, 10, 11 and 15 be withdrawn as unnecessary in view of the retained claims; this request was granted.

3. The said patent application in suit, viz., Bartling application Serial No. 692,-551, relates generally to abrasive articles and more particularly to flexible abrasive articles comprising an isomeric rubber composition or a rubber isomer as a bond for abrasive grits or particles.

4. The patent application in suit, viz., Bartling Serial No. 692,551, is a Continuation of the parent Bartling application Serial No. 413,679, filed December 12, 1929, and also has disclosure common to a portion of the disclosure in the related Bartling application Serial No. 422,066, filed in the Patent Office on January 20, 1930.

5. Many efforts were made prior to the present invention to employ rubber or rubber-like bonds for abrasive particles, such efforts extending back for more than seventy-five years as illustrated by the following patents:

Mayall Patent No. 27,817
Wescott Patent No. 1,668,476
Nobel Patent No. 2,057,733
Benner Patent No. 1,970,835
Hepp Patent No. 1,932,104
Lane Patent No. 2,063,685
Kistler Patent No. 2,177,940

However, there is no art prior to the present invention which in any way recognizes the advantages to be gained by using a rubber isomer as a bonding material in abrasive articles as claimed in the application in suit. The patents just recited illustrate various attempts: To use raw or vulcanized rubber as such; to first coat the abrasive grits with some other material in an attempt to secure a better adhesion between such coating material and rubber than would be possible between the abrasive grits themselves and an ordinary raw or vulcanized rubber binder; to improve the extremely poor adhesion of ordinary rubber to abrasive particles by adding phenolic resins or the like thereto; and so forth. All of these patents illustrate that much thought and effort has been given, at least for about seventy-five years, in an endeavor to make sandpaper, or other flexible abrasive articles, having a bond for abrasive grits which shares or simulates the toughness, flexibility, and other properties of rubber, which appear to make it very desirable as a bond for abrasive articles, but which, as distinguished from rubber, has much superior adhesion to abrasive grits and, in addition, has other properties required of a good bond for flexible abrasive articles or sandpaper.

6. The prior art relied upon by the Defendant, the Commissioner of Patents, in the rejection of the claims in suit is as follows:

Martin Patent No. 1,534,861, April 21, 1925

Fisher Patent No. 1,605,180, November 2, 1926

Fisher Patent No. 1,668,235, May 1, 1928
Fisher Patent No. 1,668,236, May 1, 1928
Fisher Patent No. 1,668,237, May 1, 1928

7. Martin Patent No. 1,534,861 is concerned with an abrasive article, and is particularly directed to a molded abrasive article or abrasive disc and a method of producing the same. This patent makes no reference whatever to the use of a rubber isomer, or any isomeric rubber cement or composition, as a bond for sandpaper, nor for any type of flexible abrasive article; nor, in fact, for any type of abrasive article. The reference to shellac in the Martin patent, or to a "resinous cement, preferably of shellac", to quote such Patent, does not teach or suggest the use of a rubber isomer or any isomeric rubber composition as a bond in sandpaper or in any flexible abrasive material. The Martin patent does not mention a rubber isomer or any isomeric rubber composition.

8. Fisher Patent No. 1,605,180 and the contents of the file wrapper thereof illustrate a rubber isomer of the type set forth in the Bartling application in suit, the term, "rubber isomer", being employed by Bartling (and also by Fisher) in a generic sense to cover materials of the nature set forth in claims 7, 8, 12 and 16 to 23, in-

clusive, of varying molecular weights; but there is nothing in this Fisher patent which teaches or suggests that Fisher's material has special utility, or any utility, as a bond for abrasive grits or as a bond for a flexible abrasive article such as sandpaper. The demands made upon a bond for abrasive grits in the making of flexible abrasive articles or sandpaper are peculiar. Among other things they should, advantageously, be resistant to moisture and to the tendency to clog or become gummy in use. There is nothing in this Fisher patent which states that the rubber isomer therein disclosed is suitable for use as an adhesive and, even if the patent contained such disclosure, it would not follow that the rubber isomer would be suitable as a bonding material for abrasive grits nor as a bond for sandpaper or like flexible abrasives because of the peculiar demands made upon compositions employed for this purpose.

9. None of the Fisher Patents Nos. 1,668,235, 1,668,236 and 1,668,237 discuss or teach anything about abrasive articles or methods for producing the same. They are directed to resinous compositions and fail to teach the subject matter of the claims in issue for the reasons, among others, that Fisher No. 1,605,180 is unanticipatory of the claims in issue.

10. The aforesaid Howard G. Bartling was the first one who discovered that the compositions defined in the claims retained for trial, e. g. isomers of rubber, have properties which make them especially advantageous as a bond in flexible abrasive articles. To be suitable for such purposes, such isomeric compositions must be resistant to moisture, have good adhesion to abrasive grits and, advantageously, also to cloth, paper or other supporting or backing material, and be resistant to the tendency to clog or become gummy in use, among other things. The requirements for flexible abrasive articles, all things considered, are quite different from those of ordinary emery wheels, and like rigid abrasive articles, which are intended to allow abrasive grits to drop out during use and new surfaces to be continuously provided.

### Conclusions of Law

1. Claims 7, 8, 12, 16, 17, 18, 19, 20, 21, 22 and 23 of the Bartling application in suit, viz. Serial No. 692,551, are patentable.

2. The plaintiff is entitled to a patent containing claims 7, 8, 12, 16, 17, 18, 19, 20, 21, 22 and 23 of the Bartling application in suit.

3. The discovery by said Howard G. Bartling that the rubbery or rubber-like compositions, set forth in claims 7, 8, 12, 16, 17, 18, 19, 20, 21, 22 and 23, have properties (including resistance to clogging and gumming, strong adhesion to abrasive grits, etc.) decidedly superior to those of ordinary raw or vulcanized rubber as a coating or bonding material in abrasive articles, particularly where flexibility is desired, was a novel and patentable discovery. It involves the combination of old materials in a way in which they have never before been combined to give a new, non-obvious and advantageous result.

4. The claims in issue, viz. Claims 7, 8, 12 and 16 to 23 inclusive, are distinct and separable in scope from the claims which were under allowance in the application of the aforesaid Howard G. Bartling, Serial No. 422,066, at the time of trial of the present case, and are now contained in Patent No. 2,186,001, which issued on January 9, 1940.

5. The plaintiff is entitled to a patent on the claims in suit separate from Patent No. 2,186,001, containing the claims held patentable by the Patent Office in the Bartling application Serial No. 422,066, which was copending with the Bartling application in suit.

6. Claims 1, 2, 3, 4, 5, 6, 9, 10, 11 and 15 having been withdrawn at the trial, the bill of complaint should be dismissed with respect thereto.