**MINNESOTA MINING & MFG. CO. v. COE,**
Commissioner of Patents.

Nos. 7539–7541.

United States Court of Appeals for the
District of Columbia.

Argued Nov. 13, 1940.

Decided Dec. 30, 1940.

Rehearing Denied Feb. 12, 1941.

STEPHENS, Associate Justice, dissenting on original hearing.

———◆———

Henry H. Benjamin and Charles S. Grindle, both of Washington, D. C., William H. Abbott, of Chicago, Ill., and Harold J. Kinney, of Saint Paul, Minn., for appellant.

William Wallace Cochran, United States Patent Office, of Washington, D. C., for appellee.

Before STEPHENS, VINSON, and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The Patent Office rejected for lack of invention certain patent claims for improvements in making flexible abrasives known as sandpaper. In suits brought by appellant under § 4915, R. S.,[1] the District Court found that the claims now in issue were not patentable over the prior art.[2]

---

[1] U.S.C.A. Tit. 35, § 63.

[2] The court allowed claims which relate to abrasive "wet belts." These are distinguished from the claims in issue by calling for an organic binder coat in addition to an impregnating coat of a vinyl compound.

■ These claims are for abrasive sheets or belts, made up of a backing and an abrasive grit bonded to it. The gist of the claims is that they disclose vinyl resins as a binder. The Patent Office concedes the novelty and utility of such binders. The evidence tends to show that they impart "waterproofing, high tensile strength, lack of rotting, good ageing, at the same time good adhesion." The Patent Office and the District Court have held that invention is lacking because the use of vinyl resins in making flexible sandpapers is taught by combining (1) sandpaper patents which disclose binders of cellulose ester, nitro-cellulose composition, or cellulose material,[3] and (2) patents which describe the characteristics of vinyl resins and teach their usefulness for many purposes, including impregnating purposes, for which cellulose esters and the like have been used.[4] The function of the binder in sandpaper is "impregnating." The Patent Office now urges, also, that the use of vinyl resins in flexible abrasives is in effect anticipated by the Benner patent, No. 1,825,771, which describes the use of meta-styrene or styrol as a bond in a molded or rigid abrasive. Though molded and flexible abrasives are not identical,[5] neither are they wholly unrelated. Though there is much chemical authority to the contrary, some such authority supports the trial court's finding that styrol is a vinyl compound; and styrene and styrol are specifically included in some of appellant's applications, with more or less implication that they are "vinyl."

■ Substitution of materials to produce a more efficient article may or may not amount to invention.[6] The question of invention is the question whether "some uncommon talent" is shown.[7] As this is a question of fact[8] we are to decide not whether in our opinion there was invention, but whether the finding that there was none is consistent with the evidence[9] or, what is the same thing, is "supported by the evidence."[10] Whatever else may be said of older decisions[11] that, in appeals from the Patent Office, doubt was to be resolved in favor of the applicant, they are obviously not law in relation to appeals from the District Court.

■ Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] Since the art knew vinyl binders for molded abrasives, cellulose binders for flexible abrasives, and the fact that vinyl resins will serve the impregnating or binding purposes of cellulose materials, a reasonable mind might conclude that no uncommon talent was required to conceive of vinyl resin binders for flexible abrasives.

---

[3] E. g., Graft, No. 1,217,593, discloses a flexible waterproof abrasive sheet in which the abrasive is attached to the backing by a solution of cellulose ester. Power, No. 615,231, discloses a flexible waterproof abrasive sheet in which the abrasive is attached to the backing by a nitro-cellulose composition containing a gum. Carlton, No. 1,736,964, discloses a flexible abrasive article such as sandpaper in which the abrasive is attached to the backing by a moisture-proof cellulosic material such as cellulose nitrate or cellulose acetate.

[4] E. g., Klatte et al., No. 1,241,738, discloses methods of making and treating vinyl esters and states that they may be used in the arts to replace cellulose esters or celluloid "as substitutes for * * * artificial resins, or lacquers, or for impregnating purposes and also for the production of films"; also that "the products resulting from the polymerization of organic vinyl esters can be used for coating, painting, or impregnating purposes, either before, or immediately after, the addition of suitable solvents." The record indicates that a polymerized vinyl ester is a vinyl resin.

[5] Minnesota Mining & Manufacturing Company v. Coe, D.C.D.C., 33 F.Supp. 602.

[6] Gasoline Products Company v. Coe, 66 App.D.C. 333, 340, 87 F.2d 550, 557; Pick et al. v. Coe, 69 App.D.C. 216, 99 F.2d 985; Carbide & Carbon Chemicals Corporation v. Coe, 69 App.D.C. 372, 102 F.2d 236 ("the art does not teach the use of vinyl resins in contact with metal," 69 App.D.C. at page 376, 102 F.2d at page 240).

[7] Textile Machine Works v. Louis Hirsch Textile Machines, Inc., 302 U.S. 490, 499, 58 S.Ct. 291, 82 L.Ed. 382.

[8] Kurtz v. Belle Hat Lining Co., Inc., 2 Cir., 280 F. 277; Abbott v. Coe, 71 App. D.C. 195, 109 F.2d 449.

[9] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.

[10] Schriber-Schroth Co. v. Cleveland Trust Co., 61 S.Ct. 235, 85 L.Ed. ——.

[11] E. g., In re Coykendall, 58 App.D.C. 280, 29 F.2d 868.

[12] Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126.

The fact that appellant's claims were filed by two different persons, and other claims which appellant thinks indistinguishable from its own were filed by three other persons, in itself may suggest to a reasonable mind that the concept was within the reach of those skilled in the art. If, as appellant contends, indistinguishable claims have been allowed by the Patent Office [13] on later applications, that fact is persuasive that a reasonable mind might find invention here but does not prove that the evidence requires such a finding. The inconsistent granting of other applications no more proves the office wrong in rejecting the present claims than inconsistent rejection of other applications would prove it wrong in granting claims.[14] Our decision does not, of course, touch the question of priority between appellant and others.

Affirmed.

STEPHENS, Associate Justice, dissents.

### On Petition for Rehearing.

EDGERTON, Associate Justice.

■ The petition for rehearing relies, in part, on the proposition that the trial court made no finding of fact concerning invention. It is true that the court failed to make its finding, that there was no invention in choosing vinyl resin as a binder for sandpaper, expressly as a finding of fact. In No. 7541 this finding was made as a conclusion of law; in Nos. 7539 and 7540 it was made in a memorandum opinion. This may have been a technical error. We need not decide whether it was one or whether, if so, it was a harmless one in this case; for appellant has waived the point by failing to raise it prior to this petition for rehearing. Appellant moved the trial court to make certain additional findings. These included novelty and usefulness, but they included neither invention nor obviousness. Appellant's statement of points to be relied upon on the appeal complained that the trial court made no finding of lack of novelty and no finding that the subject matter of the claims was obvious. The statement of points also complained in general terms, without specifying particular conclusions or findings, that the court made conclusions of law not supported by findings of fact. The statement of points did not suggest that the court failed to make a sufficient finding regarding invention, unless that may be inferred from the allegation that it failed to find that the subject matter of the claims was obvious. Even if such an inference were drawn, it would not help appellant, for no such point was argued on the appeal. Appellant's brief contained no suggestion that the trial court failed to make a finding regarding invention, or to make it in the proper place and form. On the contrary, the brief expressly stated that the court's findings of fact, if supplemented or replaced by the additional findings which appellant requested the court to make, would satisfactorily cover the facts. As we have pointed out, the requested additional findings touch neither invention nor obviousness.

■ In accordance with our rule, points not presented for our consideration are disregarded. The petition for rehearing is denied.

STEPHENS, Associate Justice.

I concur in the grounds stated for denial of the petition for rehearing. But I adhere to my original dissent on the merits of the case.

---

[13] Robie, No. 2,111,006; Hepp, No. 1,-932,104. Paulson, No. 2,111,272, was not called to the attention of the District Court.

[14] Fessenden v. Coe, 69 App.D.C. 193, 99 F.2d 426; In re Orcutt, 32 App.D.C. 345.