### In re HICKS.

Court of Appeals of District of Columbia.

Submitted Nov. 14, 1928. Decided Dec. 3, 1928.

No. 2084.

Charles M. Thomas and Francis D. Thomas, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from Patent Office decision refusing claims 1, 2, and 4 to 18, inclusive, of appellant's application, dated February 12, 1923, for a reissue of patent No. 1,421,084, granted June 27, 1922, on an electric heating element comprising a refractory core with a plurality of spirally arranged grooves, in the nature of multiple screw threads, formed on its outer surface. A single coil passes from one end of the core along a groove to the opposite end of the core, and then is crossed over and brought back in the adjacent groove, thus providing a noninductive winding with both terminals of the coil at the same end of the core.

Claims 1, 2, and 4 to 9, inclusive, were in our view properly rejected on references. Claims 10 to 18, inclusive, were rejected on the finding of the Patent Office that they are directed to an invention different from that claimed in the original patent. On this question the Board of Appeals said: "It is not seen that they (claims 10 to 18) define the same invention as the claims of the patent. Considering for instance claim 11, it includes as one element of the combination the heating element broadly, whereas the claims of the patent are limited to a specific construction of heating element and claim this element per se. * * * There was never any attempt to claim the combination in the application on which the patent was granted and it would seem that claims to the combination were deliberately dropped by appellant when he filed his continuing application. Furthermore, reference to the abandoned file shows that an amendment was filed therein on May 24, 1919, restricting the statement of objects of the invention and the claims to the heating element per se." The Board, therefore, reached the conclusion that appellant in the original prosecution of his application elected to prosecute the claims to the heating element per se, and that his failure to secure the combination claims here involved was not due to inadvertence, accident, or mistake within the meaning of the statute providing for the reissue of a patent.

We are of the view that under the rule laid down in Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658, the conclusion of the Patent Office was correct.

The decision is therefore affirmed.
Affirmed.