CHESSIN v. ROBERTSON, Commissioner of Patents.

No. 5600.

Court of Appeals of the District of Columbia.

Argued Dec. 9, 1932.

Decided Jan. 9, 1933.

Alexander Chessin, of New York City, for appellant.

T. A. Hostetler, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill, claimed to be authorized by section 4915, R. S. (section 63, tit. 35, U. S. C. [35 USCA § 63]), against the Commissioner of Patents for the issuance of a patent to appellant "as specified in his claims."

On October 29, 1920, appellant filed his application for a patent. In due course the Examiner allowed fifty-two and rejected seven of the fifty-nine claims of the application. On appeal, the Board of Appeals on November 29, 1927, affirmed the decision of the Examiner in the rejection of the 7 claims. *No appeal was taken from that decision*, but on May 25, 1928, four days before the expiration of the six months' period for filing responsive action, appellant filed an amendment authorizing the cancellation of the seven rejected claims, *but substituting five new claims*. This amendment was held nonresponsive by the Examiner, and appellant was advised that his application had become abandoned. A petition to the Commissioner to revive under the provisions of section 4894, R. S. (section 37, tit. 35, U. S. C. [35 USCA § 37]), was filed. This petition was denied because not accompanied by a responsive amendment. The Commissioner was careful to add to his decision that "the petition will be reconsidered if the applicant so requests and accompanies that request with an amendment which the examiner reports puts the case in condition for allowance and at the same time pays the final fee so that the patent on this application which has been pending for nearly eight years can be issued without further delay."

Section 4894, R. S., requires all applications for patents to be completed and prepared for examination within six months after filing the application, and failure of the applicant in that regard, or to prosecute his application within six months after any action therein, works an abandonment of the application, "unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

In Re Carvalho, 47 App. D. C. 584, it was ruled that the decision of the Commissioner denying a petition to revive an application is not subject to judicial review. That decision was followed in the Seiss Case, 48 App. D. C. 581. Appellant therefore has no pending application in the Patent Office.

Appellant here seeks in effect a revival of his application and the allowance of five claims in addition to those passed upon by the Patent Office. Those five claims are not even in this record. In Shoemaker v. Robertson, 60 App. D. C. 345, 54 F.(2d) 456, we ruled, on the authority of Butterworth v. United States ex rel. Hoe, 112 U. S. 50, 68, 5 S. Ct. 25, 34, 28 L. Ed. 656, that "the remedy by bill in equity under section 4915 [R. S.] applies only when the commissioner decides to reject an application for a patent, on the ground that the applicant is not, on

the merits, entitled to it." That ruling is applicable here, because the Commissioner has not passed on the merits of the five claims which appellant filed in the nonresponsive amendment to his application. For the reason already stated, he refused to consider them at all, and that action is not reviewable here.

It results that the decree must be affirmed. Affirmed.