**CREGIER v. COE, Com'r of Patents.**
**No. 5796.**

Court of Appeals of the District of Columbia.
Argued Oct. 9, 1933.
Decided Nov. 6, 1933.

Henry E. Stauffer, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia, dismissing appellant's petition, filed under section 4915, R. S. (U. S. C., title 35, § 63 [35 USCA § 63]), to require the Commissioner of Patents to issue him a patent upon an abandoned application.

Two applications were involved in this case in the Patent Office, one filed February 18, 1907, the other filed September 13, 1920. In neither instance was the case prosecuted to a completion in the Patent Office, and no attempt was made to invoke the jurisdiction of the court, on the second application, within the six-month period limited by section 4915. It was sought by the plaintiff, however, to avoid this contingency by filing a motion with the commissioner to revive his abandoned application, and upon the order of the commissioner denying revival this action is based.

The appeal is without merit for two reasons. Section 4894, R. S. (35 USCA § 37), provides, in effect, that upon failure of an applicant to prosecute his application within six months after any action therein the application shall be regarded as abandoned, "unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable." It has been universally held that the matter of reviving an abandoned application is entirely within the discretion of the commissioner, and is not subject to review by the courts.

The appeal is likewise without merit, for the reason that a proceeding in equity, under section 4915, cannot be had upon an order from the commissioner denying the revival of an abandoned application. This proceeding can only be had in a case where the commissioner has denied a patent. The statute, among other things, provides: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, * * * may have remedy by bill in equity, if filed within six months after such refusal." Clearly the plaintiff does not come within the provisions of the statute providing for the equity proceeding. The denial of a motion to revive an application is not equivalent to the refusal to grant a patent; hence, the court below was right in dismissing the bill for lack of jurisdiction.

The decree is affirmed.