23 C.C.P.A.(Patents)

## In re CROWELL.

### Patent Appeal·No. 3594.

Court of Customs and Patent Appeals.

Feb. 3, 1936.

See, also, 79 F.(2d) 746.

Joseph F. Westall, of Los Angeles, Cal. (Milburn & Milburn, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application here involved, Serial No. 653,110, filed in the United States Patent Office January 23, 1933, is for reissue of patent No. 1,828,099, for apparatus in cementing wells, granted to applicant October 20, 1931, upon an application, Serial No. 208,539, filed July 26, 1927.

■ The patent recites that its disclosures were contained in another application, Serial No. 171,851, filed March 1, 1927, and, from the specification in the instant case, it appears that said application, Serial No. 171,851, matured into patent No. 1,828,098 on October 20, 1931, the same date as that of patent 1,828,099, reissue of which is here sought. See, also, In re Crowell, 23 C.C.P.A. (Patents) 725, 79 F.(2d) 746, decided November 25, 1935.

We understand the situation to be that applicant on March 1, 1927, filed an application Serial No. 171,851; that subsequently, and while that application was pending, he filed at least two others in the nature of divisional applications thereof; that all three of the applications matured into patents on October 20, 1931; that

thereafter applicant filed applications for the reissue of the two patents granted upon the divisional applications; that one of those applications for reissue was involved in the case of In re Crowell, supra, and that the other is involved here.

During the prosecution of application Serial No. 208,539, and before it had matured into the patent, reissue of which is here sought, applicant canceled from it quite a number of claims, this cancellation being in response to a rejection of them on a patent No. 1,684,551, issued to one S. E. Manning September 18, 1928, upon an application filed March 1, 1927.

The principal issue in this case grows out of that act of cancellation.

Fourteen claims are here involved, Nos. 1 to 10, inclusive, No. 13, and Nos. 17 to 19, inclusive.

The subject-matter seems fairly to be illustrated by claims 1 and 13, which read:

"(1) Well casing having a series of ports intermediate its upper and lower ends; valvular means tending normally to maintain closure of said ports; a plug carrying means slidably fitting and closing the bore of said casing at points of peripheral contact therewith and adapted to be moved by fluid-pressure means downwardly there through and by pressure on said valvular means in its downward course to open said ports; means below said ports to arrest the downward movement of said plug and thus close the bore of said casing by the sliding fit of the plug with said casing bore."

"(13) In combination, a ported coupling for aligned casing sections; valves for the ports of said coupling normally closing the same against the passage therethrough of fluid in either direction; and means comprising pressure fluid and a barrier for separating pressure fluid from cementing mixture actuated thereby for opening the ports to the passage therethrough of said pressure fluid from said port and then closing the bore of the coupling below the ports."

The Examiner rejected all the claims here upon appeal on two grounds, viz.: (1) Unpatentability over prior art cited, the principal reference being the patent to Manning; and (2) estoppel, because of the cancellations above alluded to.

Upon all the claims except No. 13, the Board of Appeals reversed the Examiner as to the first ground, but affirmed as to the second ground. Upon claim No. 13 the board affirmed as to both grounds. The only reference before us is the patent to Manning, and that, by the decision of the board, is to be considered only in connection with claim No. 13. As to all the other claims, the rejection rests solely upon the ground of estoppel.

The following is quoted from the statement of the Examiner: "This invention relates to an apparatus for cementing wells. In the art of making oil wells it is necessary to drill deep to reach the oil bearing stratum and usually before such stratum is reached it is necessary to pass a water bearing stratum or several of them and it is necessary to shut the water in the core. The apparatus disclosed comprises a casing which has ports intermediate thereof at the same level and an internal sleeve valve is within the casing closing the ports and a spring coil below the sleeve valve keeps the valve elevated to close the ports. Cement is placed between two slidable piston plugs and driven by fluid pressure above the upper plug until the lower plug comes in contact with the sleeve and depresses it opening the ports. The plug also closes the central bore of the casing below the ports and it has anchoring means which anchors the plug in the casing. Further movement of the upper plug drives the cement grout through the open ports forcing the external back pressure valves open. When the cement is driven out of the casing the upper plug is set on the lower plug. After the cement is set both plugs may be drilled out and whatever further operations which may be necessary are performed through the open casing the water having been shut-off by the cementing procedure."

When the claims above quoted, as illustrative, are studied in the light of the foregoing, it is thought they sufficiently explain themselves and that no detailed analysis of them need be made.

It will be observed from reading claim No. 1, supra, that it calls for "a plug carrying means slidably fitting and closing the bore of said casing. * * *" Each of the appealed claims, except No. 13, contains this limitation of a slidably fitting plug, or equivalent means. The Examiner, giving his reasons therefor, held, in effect, that this limitation did not distinguish in a patentable sense from Manning. The board said: "It is our opinion that it can-

not be assumed that Manning employed a slidably fitting plug and therefore we do not consider that any of the appealed claims, except claim 13, is properly anticipated by Manning. Claim 13 we believe does not sufficiently distinguish from this patent."

We understand this to mean that had prior art only been involved, all the claims, except claim No. 13, were, in the opinion of the board, allowable, and its subsequent reversal of the rejection of the Examiner amounts to an adjudication of this issue by which this court is bound, there having been no appeal, as indeed (under the terms of the statute regulating appeals to this court) there could not have been, upon this point.

When, however, the board came to a consideration of the ground of estoppel, and measured the appealed claims by those which were canceled, it held, in effect, that the language of the canceled claims, properly construed, was sufficiently specific to embrace the limitation respecting "a plug slidably fitting. * * *"

The Examiner, in his discussion of this ground, said, with respect to the slidably fitting plug limitation, and all other limitations not found in the canceled claims but appearing in the appealed claims: "The newly proposed claims are believed to be of the same scope [as the cancelled claims] because the additional limitations added are the ordinary features found in the cementing art and they do not introduce any additional patentability to the claims."

The foregoing seems to us to indicate. that the Examiner, when considering the ground of estoppel, had still in mind the prior art. That is to say, when he speaks of the limitations as being the "ordinary features found in the cementing art," he evidently was measuring such limitations by prior art, either as taught in patents or by common practice, and not by the language of the canceled claims.

The brief of the solicitor for the Patent Office says: "The mere fact that the new claims contain limitations not in the abandoned claims is not necessarily a reason for allowing the new claims. The nature of the differences must be looked to, and if they are only noninventive variations there is certainly no warrant for allowing a claim merely on the basis of its containing some limitations which are of no patentable significance."

At another point, the solicitor's brief says: " * * * Although the appealed claims contain limitations not in the cancelled claims, it is submitted that the *examiner* rightly ruled that the additional limitations added are the ordinary features found in the cementing art and they do not introduce any additional patentability to the claims." (Italics ours.)

We accept the first paragraph above quoted from the solicitor's brief as being a correct statement of the law, but a difficulty confronts us in applying it here because, although the *Examiner* held as stated, the *Board of Appeals* did not so hold, and we are concerned with the decision of the latter.

Nowhere in the board's decision do we find any ruling by it to the effect that the limitations added are the ordinary features. found in the cementing art. Upon the contrary, the slidably fitting plug feature, at least, was held to be new and patentable over the prior art.

In this respect the decision of the board in the instant case differs from its decision in the case of In re Crowell, supra, which was affirmed by us.

There certain method claims were involved. They were rejected by the Examiner upon both prior art and estoppel, he being of the opinion that there would be no invention in substituting certain elements of certain references cited for a particular element shown in another patent to Crowell. The board stated its disagreement with the Examiner upon this point, but expressly held that the limitations inserted in the claims there appealed, which did not appear in the claims that there had been canceled, were "old steps," and hence patentability was not involved by adding them to the canceled claims.

There was nothing in the board's opinion in that case to indicate that if the applicant had not canceled the claims, but had amended them by inserting the limitations, they would, in its view, have been allowable over the prior art. Here, as has been indicated, it seems clear that had applicant, instead of canceling, amended the claims by inserting the limitations, they (except claim No. 13) would, in the opinion of the board, have been allowable.

Under this state of facts, it does not seem to us that the doctrine of estoppel may properly be applied.

The board quotes canceled claim No. 6 "as representative of the cancelled claims most closely related to the claims on appeal." It reads: "6. Well casing having a ported section, valvular means for the port, a plug adapted to close the entire bore of the casing and adapted to be lowered in the casing for opening the valvular means, and a second plug adapted to be lowered in the casing in back of the first plug."

The board then said: "It will be noted that this claim specifies a plug adapted to close the entire bore of the casing and in our opinion this necessarily means a plug slidably fitting the bore and capable of being forced down by fluid pressure. We consider, therefore, that this claim is as restricted as the appealed claims."

It is difficult to reconcile this holding with the prior holding where the claims were measured by the patent to Manning, and found to be patentable over Manning.

It may be said that, on behalf of appellant, it is pointed out that many of the new claims contain limitations other than the slidably fitting plug limitation. These are not discussed in the board's decision, and we do not find it necessary to discuss them here. Just how important any of the limitations may be in a practical sense, we do not undertake to say. They seemed to the board to be of sufficient importance in a patentable sense to distinguish from the Manning patent, and we think that by the same reasoning they may properly be held so to distinguish from the canceled claims as to justify their allowance.

The foregoing, however, does not apply to claim No. 13. We think it was properly rejected upon the prior art.

For the purpose of clarity, it seems proper to draw attention to the fact that one distinction, not hereinbefore noted, between this case and the case of In re Crowell, supra, is that here the canceled claims were canceled from appellant's divisional application, Serial No. 208,539, while in the earlier case the canceled claim upon which the issue turned was canceled from appellant's so-called parent application, Serial No. 171,851 (and not from the divisional application, Serial No. 331,411, which matured into the patent, reissue of which was there sought), and to the further fact that, in the instant case, the record upon which we have to determine the controversy contains nothing which admits of our considering the claim there canceled, quoted in our opinion there, in measuring the claims here appealed, and we have not done so.

The decision of the Board of Appeals is affirmed as to claim No. 13, and reversed as to claims numbered 1 to 10 inclusive, and 17 to 19, inclusive.