**HASTINGS et al. v. COE, Commissioner of Patents.**

**No. 7014.**

United States Court of Appeals for the District of Columbia.

Argued May 9, 1938.

Decided June 27, 1938.

R. F. Whitehead, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, MILLER, Associate Justice, and PROCTOR, District Judge.

PER CURIAM.

This is an appeal from a decree dismissing appellants' bill of complaint brought under R.S. 4915, 35 U.S.C.A. § 63. The undisputed facts are as follows:

On May 3, 1911, Milo Hastings, one of appellants,[1] made application for a patent for a new invention in incubating the eggs of domestic fowl. The application was rejected by the Primary Examiner and an appeal taken to the Board of Examiners in Chief. On March 11, 1913, the Board affirmed the action of the examiner. Hastings took no appeal to the Commissioner within the permitted time, and as of March 13, 1914, the application was abandoned. November 19, 1935, Hastings filed with the Commissioner a petition to revive and reconsider. This was denied January 11, 1936, and the present suit challenging the decision of the Commissioner was begun March 28, 1936.

In his bill in the court below Hastings alleges that because of his poverty he was unable to prosecute an appeal from the Board to the Commissioner and that this condition continued until 1923. In justification of his failure to make the application after 1923 and until 1935, he alleges that during that period there was no court adjudication which he could have relied on as supporting a petition for the reopening or revival of his patent application. The authoritative decisions on which he now relies were announced in 1935. In the early part of that year the Supreme Court decided Smith v. Snow and Waxham v. Smith,[2] companion cases. The decisions in those cases, appellant claims, establish, —contrary to the holding of the patent office on his application,—that the subject matter of his invention was patentable in character; and in his brief appellant says that in Smith v. James,[3] decided in 1937, the Supreme Court held that a patent granted to one Smith in 1918 for an incubator, covering substantially the claims filed by appellant some five or six years before, was invalid in view of a prior public use of an incubator made by appellant Hastings. Appellant now says that the effect of those decisions is to show that the holding of the Patent Office with relation to his claims was erroneous and also to establish his right now to receive his patent.

The Commissioner, in his decision rejecting the petition to revive the application, said:

"Even if it be assumed that the Board of Appeals committed the grossest kind of error in affirming the examiner's rejection of the claim, * * * still applicant had his remedy by appeal; and if he chose, as he apparently did, to accept the Board's decision, the mere fact that such decision turned out to be erroneous cannot, upon any rational theory, be held to excuse applicant from availing himself of the remedy afforded by statute."

We are of opinion that the Commissioner's conclusion was correct. The abandonment of the application, we have seen, occurred in 1914. If we unqualifiedly accept appellant's statement of poverty as constituting unavoidableness within the statute,[4] it nevertheless appears affirmative-

[1] The other appellant, James Manufacturing Company, is such by virtue of an assignment by Hastings of an interest in the patent.

[2] 294 U.S. 1, 55 S.Ct. 279, 79 L.Ed. 721; 294 U.S. 20, 55 S.Ct. 277, 79 L.Ed. 733.

[3] 301 U.S. 216.

[4] R.S. 4894, 35 U.S.C.A. § 37:
"All applications for patents shall be completed and prepared for examination within one year after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within one year after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable." (By the Act of March 2, 1927, 44 Stat. 1335, 35 U.S.C.A. § 37, the time limit was decreased to six months.) In situations substantially identical to that presented here we have refused to disturb the ruling of the Commissioner. Chessin v. Robertson, 61 App.D.C. 376, 63 F.2d 267; Cregier v. Coe, 62 App.D.C. 320, 67 F.2d 692.

ly in appellant's bill that this unhappy financial condition terminated in 1923. Between the latter date and the commencement of the suit approximately 13 years elapsed without action on his part, and we find nothing in the statute or in any decision of the courts by which this delay can be justified on the ground that during that period there was no binding decision of the Supreme Court to strengthen or justify appellant's original patent claims. Approximately 23 years elapsed between the abandonment and the petition for revival. In 1930 [5] Congress passed an act providing that all abandoned applications for patents on file more than twenty years might be destroyed by the Commissioner. Whether such action was taken in this case, we need not inquire since in our opinion appellant was guilty of gross laches which a court of equity will not relieve against in any of the circumstances shown to exist here.

No rule is better established than that courts of equity will not enforce stale demands or, as was said by Lord Camden:[6] "Nothing can call forth this court into activity but conscience, good faith, and reasonable diligence," or by Mr. Justice Brewer:[7] "No doctrine is so wholesome, when wisely administered, as that of laches. * * * It is a doctrine received with favor, because its proper application works out justice and equity, and often bars the holder of a mere technical right, which he has abandoned for years, from enforcing it when its enforcement will work large injury to many." See, also, Pomeroy's Equity Jurisprudence, 4th Ed., Vol. 1, Sec. 419; Wolf Mineral Process Corp. v. Minerals Sep. N. A. Corp., 4 Cir., 18 F.2d 483, 490.

Without considering, therefore, the other grounds for the dismissal of the bill, we are of opinion that it would be wholly improper now to permit appellant to invoke the powers of a court of equity to establish rights which he deliberately abandoned in the first place and thereafter cared nothing for until a decision of the Supreme Court, adverse to a later applicant for the same patent, furnished him the possible opportunity to recover profits which he now claims should originally have been his.

Affirmed.

[5] 46 Stat. 156.
[6] Smith v. Clay, 3 Brown Ch. 638.

[7] Naddo v. Bardon, 8 Cir., 51 F. 493, 495.