**PICK et al. v. COE, Commissioner of Patents.**

Nos. 6988, 6989.

United States Court of Appeals for the District of Columbia.

Decided June 30, 1938.

Petition for Rehearing Denied Oct. 29, 1938.

A. M. Houghton and Kahl K. Spriggs, both of Washington, D. C., for appellants.

R. F. Whitehead, Solicitor U. S. Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant applied to the Patent Office for patents on alleged improvements in the rotary valve of a water-softening apparatus. The Office allowed a claim for making a valve member of vulcanized hard rubber, but rejected applicant's other claims. He brought a bill in equity in the District Court, under 35 U.S.C.A. § 63, to require the allowance of the rejected claims. His bill was dismissed, and he appeals.

Structurally, appellant's valve is substantially the same as the patent to Eisenhauer, No. 1,831,656. The rejected claims which require discussion are for improvements in the material of the valve. These are of two sorts: (1) those which describe a valve member as made of "a hard organic electrically non-conductive material providing a low coefficient of friction," etc., or of "a material of the nature of vulcanized hard rubber," and (2) those which describe a valve member as made of "laminated synthetic plastic." We think the Patent Office and the lower court were right in rejecting these claims.

■ (1) The first type of claim is broader than the invention. It does not meet the requirement that the invention and the process of making or compounding it be described in "full, clear, concise, and exact terms." 35 U.S.C.A. § 33. In Holland Furniture Company v. Perkins Glue Company, 277 U.S. 245, 256, 257, 48 S.Ct. 474, 479, 72 L.Ed. 868, the Supreme Court held that "an inventor may not describe a particular starch glue which will perform the function of animal glue and then claim all starch glues which have those functions. * * * A claim so broad, if allowed, would operate to enable the inventor who has discovered that a defined type of starch answers the required purpose to exclude others from all other types of starch, and so foreclose efforts to discover other and better types. The patent monopoly would thus be extended beyond the discovery, and would discourage rather than promote invention." The principle applies here.

■ (2) The Browne patent 1,558,143 describes a ball valve, for use in pumps and similar apparatus, "composed of a plurality of layers or laminations of cotton duck or the like * * * impregnated with a phenol condensation product or other suitable adhesive substance." Appellant's claims (Nos. 3 and 10, Application 743,145) for a rotary valve describe its

material as "laminated synthetic plastic" or "laminated synthetic plastic composition." His brief describes it more specifically as "laminated material made of fabric and a phenol formaldehyde condensation product." (p. 12) That it was new and useful to construct of such material the particular type of valve here involved is not questioned; but we think the Patent Office was right in holding that this substitution of material did not involve invention. To use in a new situation a thing which has been used before in a closely similar situation commonly involves not invention but only "obvious adaptation;" and commercial success cannot take the place of invention. Textile Machine Works v. Louis Hirsch Textile Machines, Inc., 302 U.S. 490, 58 S. Ct. 291, 82 L.Ed. 382. Here only search, or research, was required. To paraphrase language which the Second Circuit Court of Appeals, 87 F.2d 702, 705, used and the Supreme Court adopted in the Textile Machine Case, we cannot say that an art which knew the use of this material in valves for pumps required some uncommon talent to conceive of using it in valves for water-softeners.

Affirmed.