700

Affirmed.

29 C.C.P.A. (Patents)

In re MAYO.

Patent Appeal No. 4640.

Court of Customs and Patent Appeals.

June 29, 1942.

Barry & Cyr, Robert E. Barry, and Armand A. Cyr, all of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 3 to 13, inclusive, in appellant's application for a patent for an alleged invention relating to air-conditioned barns for curing tobacco.

Appellant's involved application is for a reissue of his patent No. 2,090,633, issued August 24, 1937, on an application filed December 12, 1935.

Counsel for appellant has moved to dismiss the appeal as to claims 3 to 6, inclusive, and 8. The motion will be granted. That leaves for our consideration claims 7 and 9 to 13, inclusive.

Claim 7 and claim 9, which is illustrative of appealed claims 10 to 13, inclusive, read:

"7. Tobacco barn having side walls, a plurality of open-top burners arranged in series from said side walls in a direction inwardly therefrom towards a central area of said barn, a hood overlying said open-top burners, a duct delivering fresh air from the outside of the barn to the hood at a level above that of the open-tops of the burners, said hood causing the fresh air to be mixed with the hot gases from said open-top burners, and to be spread out for its discharge therefrom, substantially as described."

"9. An air conditioned tobacco curing barn including vertically disposed side walls and a roof, at least one of said side walls having a doorway therein, said barn having a ventilating opening at its roof, tobacco racks within the barn, and air conditioning units within the barn, each comprising a casing, heating means of the open flame type within the casing, a hood overlying the casing and vertically spaced therefrom, means for supporting the hood in said relation, and an air intake pipe opening into the space above the heating means and extending through a side wall of the barn to receive fresh air, whereby fresh air from the outside will be mixed in said hood with the heated gases from the burner and will thereby be conditioned before passing upwardly into the barn."

The reference is:

Mayo, 2,090,633, Aug. 24, 1937.

It will be observed that appealed claim 9 calls for a combination of elements, including air-conditioning units comprising among other elements, "heating means of the open flame type."

Appealed claim 7 is more specific than claim 9 in that it contains the statement that the heating means consists of a plurality of open-top burners, arranged in series from the side walls of the tobacco barn in a direction inwardly towards the central portion of the barn. It is broader than claim 9, however, in that it does not call either for a particular type of building or for "tobacco racks within the barn," two of the essential features in appellant's combination.

The Primary Examiner rejected all of the appealed claims, including claims 7 and 9 to 13, inclusive, on the ground that they were not for the same invention as that claimed in appellant's patent, the examiner stating that the appealed claims were drawn to the specific details of the heating elements alone, whereas such heating elements were claimed broadly in appellant's patent.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals stated that all of the appealed claims,

including claims 7 and 9 to 13, inclusive, were "limited" to the "specific structure of the heater for the tobacco-drying barn," whereas the heating structure was claimed broadly in appellant's patent. The board then said:

"The examiner has relied upon a comparison of the claims in reaching his conclusion while appellant relies upon the statement of invention and the specification. It is our opinion that both the original claim and the complete specification should be considered in determining a question of this nature. It is our view, after investigating the entire patent, that it was not appellant's intention in the patent to claim the invention covered by the appealed claims. This is a matter of judgment, and nothing would be gained by entering into a more detailed discussion."

It will be observed that the board stated that the question to be determined was whether, considering both the claim and the complete specification in appellant's patent, it was appellant's intention to claim in his patent the subject matter defined in the appealed claims, whereas, as the board stated, the Primary Examiner, in determining that issue, reached his conclusion solely from a consideration of the claim in appellant's patent.

We are in agreement with the views expressed by the board that, in determining whether it was appellant's intention to claim in his patent the subject matter defined in appealed claims 7 and 9 to 13, inclusive, and whether through inadvertence, accident, or mistake he had failed to do so, consideration should be given both the specification and claim in appellant's patent. See Topliff v. Topliff, 145 U.S. 156, 12 S. Ct. 825, 36 L.Ed. 658; Morgan v. Drake et al., 36 F.2d 511, 17 C.C.P.A. (Patents) 729.

The tribunals of the Patent Office did not question that appellant disclosed in his patent the subject matter defined in appealed claims 7 and 9 to 13, inclusive. Furthermore, it was apparently the view of the Board of Appeals that if it appeared from appellant's patent that appellant intended to claim therein the subject matter of appealed claims 7 and 9 to 13, inclusive, then, in that event, his failure to do so was due to inadvertence, accident, or mistake, within the purview of section 4916 of the Revised Statutes, U.S.C. title 35, section 64, 35 U.S. C.A. § 64, which provides that:

"Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the same invention, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent. * * *"

As hereinbefore stated, appellant's patent, as well as his involved reissue application, discloses an air-conditioned barn for the curing of tobacco. Appellant's invention, as therein defined, includes, in combination, a particular type of building, tobacco supporting racks within the building, and air-conditioning means for the proper curing of the tobacco, which air-conditioning means includes, among other things, a heater of the open flame type. That combination, as will be observed, is described in appealed claim 9, which claim, although differing in minor details, is sufficiently illustrative of claims 10 to 13, inclusive. (It may be stated at this point that the tribunals of the Patent Office did not hold that claims 9 to 13, inclusive, do not define appellant's real invention.)

We have given careful consideration to appellant's patent for the purpose of determining whether or not it was the intention of appellant to claim therein the specific air-conditioning units which he there described and which are essential elements of the combination there disclosed, and are of opinion that it was his intention to claim such air-conditioning units (each of the units including a heating element) in combination with the other elements of his air-conditioned tobacco barn, as defined in appealed claims 9 to 13, inclusive, and that through inadvertence, accident, or mistake, he failed to do so.

Appealed claim 7, however, does not define any particular type of building, nor does it contain any reference to tobacco supporting racks within the building. We are of opinion, therefore, that it does not define appellant's real invention, and that it was not the intention of appellant to claim in his patent the subject matter de-

fined in that claim, separate from the other elements of his combination.

The appeal is dismissed as to claims 3 to 6, inclusive, and 8.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed as to claim 7 and reversed as to claims 9 to 13, inclusive.