## CHERRY–BURRELL CORPORATION v. COE, Commissioner of Patents.

### No. 8487.

United States Court of Appeals
District of Columbia.

Decided June 19, 1944.

Mr. Norman E. H. Deletzke, of Chicago, Ill., of the Bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. James H. Littlehales, of Washington, D. C., was on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

·MILLER, Associate Justice.

■ This case involves milk bottle washing machinery which appellant claims is inventive in character—even though it may appear to the uninitiated as relatively simple and easy of accomplishment—because it was originated by employees of appellant only after many preliminary experiments; and thereafter required the expenditure of great effort and the incurring of considerable expense to bring it to a successful conclusion and sufficient perfection to secure commercial adaptation and acceptance.[1] As has been pointed out many times, the products of such activities are not necessarily inventions.[2] In this connection, it may be noted that several of appellant's claims were allowed by the Patent Office and are not in issue.

■ The first question presented is whether the District Court's findings, that claims 1, 4, 6, 7, 52 and 53 were unpatentable over the prior art, were so clearly wrong as to require that its judgment be set aside. Entirely apart from the question, whether the Commissioner gave adequate scope in the granted patent upon the allowed claims, properly to protect any invention which may have been disclosed by the application—which question it is not necessary for us to decide—appellant has failed, with respect to the disputed claims,

---

[1] Cf. Potts v. Coe, 78 U.S.App.D.C. 297, 300, 140 F.2d 470, 473; Radtke Patents Corp. v. Coe, 74 App.D.C. 251, 122 F.2d 937; Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794; Standard Cap & Seal Corp. v. Coe, 75 U.S.App. 60, 63, 124 F.2d 278, 281.

[2] Minnesota Min. & Mfg. Co. v. Coe, 69 App.D.C. 217, 220, 99 F.2d 986, 989; Pick v. Coe, 69 App.D.C. 216, 99 F.2d 985; Potts v. Coe, 78 U.S.App.D.C. 297, 300, 140 F.2d 470, 473. See Busell Trimmer Co. v. Stevens, 137 U.S. 423, 435, 11 S.Ct. 150, 34 L.Ed. 719.

to sustain the burden imposed by the law in a Section 4915[3] proceeding;[4] hence the determination of the District Court as to those claims must be sustained.

The second question is one of procedure which requires interpretation of Section 4915. The applicable language of the Section reads as follows: "Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, * * * may have remedy by bill in equity, if filed within six months after such refusal or decision; * * *." The question is whether appellant's *amended* claims 1, 4, 6, 7, 52 and its *new* claim 57 were acted upon in such manner by the Patent Office as to give jurisdiction to the District Court, in a Section 4915 proceeding, to determine the patentability of the claims. We conclude they were not.

In the present case a Patent Office Examiner rejected appellant's claims 1, 4, 6, 7, 52, 53; his decision was affirmed by the Board of Appeals on January 25, 1941; on March 6, 1941, appellant submitted amendments to claims 1, 4, 6, 7, 52 and an additional claim 57, which claim 57 was directed to the subject matter of a previously granted patent and was intended to provoke an interference; the Examiner, in an Office Action dated March 12, 1941, refused to enter either the amended claims or the additional claim; on July 8, 1941, appellent requested reconsideration by the Board of Appeals of its January 25, 1941 decision and in its petition for reconsidera-

tion asked, also, for consideration of its additional claim 57; on July 16, 1941, the Board of Appeals denied the petition for reconsideration, assigning as reasons therefor that: (1) the petition came long after expiration of time for appeal, (2) the petition was concerned with amended claims and a new claim, (3) in its decision it had recommended no amendments, and (4) the Examiner had entered no amendment.

What the District Court was asked to do, therefore, with respect to the second question presented on this appeal, was to take jurisdiction and determine the patentability of claims which had been refused entry by an Examiner, and which had been refused consideration by the Board of Appeals; the patentability of which, in short, had never been determined by the Patent Office. Whatever right, if any, appellant may have had to compel determination by the Patent Office[5] of the patentability of these new claims, it had none which required the District Court to make such a determination. There was, here, no refusal of a patent by the Board of Appeals, within the meaning of Section 4915, and there was no decision of the Board of Interference Examiners. Appellant is complaining, instead, of the Board's refusal to *consider* new claims, upon an untimely petition for reconsideration of its decision concerning other claims. The law, as declared in Lucke v. Coe,[6] and in Shoemaker v. Robertson,[7] is equally applicable in the present case. It was not the intention of Congress, in enacting Section 4915, that the functions of the Patent Office should be transferred to the District Court.

Affirmed.

---

[3] 35 U.S.C.A. § 63.

[4] Abbott v. Coe, 71 App.D.C. 195, 197, 198, 109 F.2d 449, 451, 452; Daniels v. Coe, 73 App.D.C. 54, 58, 116 F.2d 941, 945; Morrison v. Coe, 75 U.S.App.D.C. 219, 220, 127 F.2d 737, 738.

[5] Cf. United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347; Proctor & Gamble Co. v. Coe, 68 App.D.C. 246, 96 F.2d 518.

[6] 63 App.D.C. 61, 69 F.2d 379.

[7] 60 App.D.C. 345, 54 F.2d 456.