CLARK, Attorney General, v. RESINOUS PRODUCTS & CHEMICAL CO. et al.
Civil Action No. 4075.

District Court, E. D. Pennsylvania.
Oct. 9, 1947.

310

Leon Yudkin and Bernard Wohlfert, Attys., Claims Division, Department of Justice, both of Washington, D. C., and James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

T. Wallace Quinn, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is an action under R.S. § 4915,[1] brought by a dissatisfied party to an interference proceeding in the United States Patent Office. On the basis of a stipulation entered into by the parties, and the records of the United States Patent Office in Interference No. 79,736, I make the following special

Findings of Fact:

1. On January 10, 1941, defendant Herman A. Bruson filed an application for Bis (2—Cyanoethyl) ether and process for making same. On May 23, 1941 Heinrich Hopff and Wilhelm Rapp filed an application for a process for the production of B.B.'—Dicyano Diethylether wherein it was indicated that a similar application was filed in Germany on June 19, 1940.

2. On October 18, 1941, Interference number 79,736 was declared between the Hopff and Rapp application and the application of Leekley & Vaala filed May 23, 1941, Ser. No. 388,551 on the following count:

"A process which comprises reacting two moles of acrylonitrile with one mole of water in the presence of an alkaline catalyst."

3. Subsequently, on November 7, 1942, the interference was reformed, substituting for the Leekley and Vaala application the application of one Gresham, Ser. No.

438,505 filed April 10, 1942, and adding the application of the defendant Bruson. On March 14, 1944, the party Gresham filed an abandonment of contest.

4. On October 23, 1941, Hutz & Joslin, attorneys for Hopff & Rapp and their assignee, I. G. Farbenindustrie A. G. of Ludwigshafen-am-Main, Germany, wrote to the latter firm advising them of the interference and requesting information for a preliminary statement and a certified copy of the corresponding German application. There is no evidence that any reply to that request was ever received from Germany. On January 19, 1942, Hutz & Joslin filed a statement electing to rely on the filing date of the German application, and did not file any preliminary statement.

5. On May 5, 1942, Henry W. Coughlin of 247 Park Avenue, New York, N. Y., was substituted for Hutz & Joslin as attorney for Hopff and Rapp. On May 12, 1942, the Alien Property Custodian of the United States duly vested the said patent application Ser. No. 394,840 of Hopff and Rapp, but Henry W. Coughlin remained attorney for the application on the record of the Patent Office until the filing by the Office of Alien Property Custodian on February 24, 1944, of a motion for additional time. After that date all proceedings were handled by the Patent Section of the office of Alien Property Custodian.

6. By means of various stipulations signed by all the parties and approved by the Patent Office the final date for the parties Hopff and Rapp to file their certified copy of the German application as was required by the Examiner of Interference of the Patent Office was continued to February 16, 1944. By that date no such certified copy was filed. On February 24, 1944, the Alien Property Custodian moved for an additional 30 day period on the ground that he needed additional time within which to obtain evidence. The motion was denied on March 3 with notice to show cause why judgment should not be rendered against the parties Hopff & Rapp.

[1] February 9, 1893, c. 74, § 9, 27 Stat. 436, March 2, 1927, c. 273, § 11, 44 Stat. 1336, March 2, 1929, c. 488, § 2(b), 45 Stat. 1476, August 5, 1939, c. 451, § 4, 53 Stat. 1212, 35 U.S.C.A. § 63.

7. On March 15, 1944, the parties Hopff & Rapp, by the Alien Property Custodian, moved to suspend all proceedings in the interference pending the resumption of lawful communication between the United States and Germany on the ground that it could not obtain the necessary certified copy of the German application until that time. This motion was denied by the Board of Interference Examiners of the Patent Office on April 25, 1944, and judgment was ordered entered against Hopff & Rapp and priority awarded to the party Bruson.

8. On May 20, 1944, the Alien Property Custodian petitioned the Commissioner of Patents to exercise his supervisory authority and set aside the judgment of the Board of Interference Examiners. The Assistant Commissioner of Patents denied the petition in a ruling dated July 8, 1944.

9. On August 14, 1945, Patent Number 2,382,036 was issued to the defendant Bruson, assignor to defendant The Resinous Products Chemical Co., covering the process involved in the interference.

10. On October 24, 1944, the instant suit under R.S. § 4915 was commenced in this Court and on December 19, 1944, the defendants filed their answer. Since that time this action remained in status quo while the plaintiff endeavored to obtain a certified copy of the German application mentioned above after the occupation of Germany and restoration of the German Patent Office. After obtaining the certified copy the plaintiff exhibited it to counsel for the defendants and furnished him with a photostatic copy and translation thereof.

### Discussion.

The sole question presented to the Court in the instant case is the admissibility in evidence of the certified copy of the German patent application of Hopff and Rapp. The parties have stipulated that if this Court determines that the application is admissible in the present proceeding, judgment shall be granted for the plaintiff; otherwise, judgment shall be granted for the defendants.

■ Defendants' first argument is that this Court is without jurisdiction of this action, and, therefore, there is no basis for admitting the application in evidence. Defendants contend that the decision of the Patent Office in the instant case was only a procedural ruling, and that an adverse ruling on a procedural matter does not afford a basis for maintaining a subsequent suit in equity under R.S. § 4915. Butterworth v. United States ex rel. Hoe, 112 U.S. 50, 5 S.Ct. 25, 28 L.Ed. 656; Shoemaker v. Robertson, 60 App.D.C. 345, 54 F.2d 456; Chessin v. Robertson, 61 App. D.C. 376, 63 F.2d 267; Cherry-Burrell Corporation v. Coe, 79 U.S.App.D.C. 124, 143 F.2d 372.

However, I do not think that this case may be summarily disposed of by simply labeling as "procedural" the ruling of which the plaintiff presently complains. The fact is that the decision of the Patent Office in the instant case resulted in an award of priority to defendant Bruson, and a refusal of a patent to the plaintiff. Under these circumstances, the Court has jurisdiction of the instant suit. Syracuse Washing Mach. Corporation v. Vieau, 2 Cir., 72 F. 2d 410. Cf. Synthetic Plastics Co. v. Ellis-Foster Co., 3 Cir., 78 F.2d 847.

■ It is well settled that a proceeding under R.S. § 4915 is a new and independent action, a trial de novo. Hazeltine Corporation v. White, 2 Cir., 68 F.2d 715; Lucke v. Coe, 63 App.D.C. 61, 69 F.2d 379; Appert v. Brownsville Plate Glass Co., C. C., 144 F. 115. The adjudication of the District Court is to be made upon all the evidence, both new and old. Hoover Co. v. Coe, 325 U.S. 79, 65 S.Ct. 955, 89 L. Ed. 1488; Minnesota Mining & Mfg. Co. v. Carborundum Co., 3 Cir., 155 F.2d 746; General Talking Pictures Corporation v. American Tri-Ergon Corporation, 3 Cir., 96 F.2d 800. The latter general rule has been qualified by the doctrine expressed by the Third Circuit Court of Appeals in Barrett Co. v. Koppers Co., 3 Cir., 22 F.2d 395, which holds that, in a proper case, evidence which was deliberately suppressed during the proceedings in the Patent Office may not subsequently be admitted in a suit under R.S. § 4915 to aid the party who had previously suppressed such evidence.

The German patent application of Hopff and Rapp was not presented to the Patent

Office during the interference proceeding; indeed, it was the failure of the plaintiff to introduce this application which caused judgment to be entered against him in that proceeding. This German patent application therefore falls within the category of "new" evidence; and it certainly cannot be said that it was deliberately suppressed from the Patent Office. From the rules of evidence to which I have previously adverted, it would seem to follow that this application should be admitted into evidence in the instant suit.

■ However, the defendants further object to the admission of the German application for reasons which are based upon the conduct, during the interference proceeding, of the plaintiff, and of previous counsel who were handling the application of Hopff and Rapp. In defendants' view of the Patent Office proceedings, the plaintiff did nothing to secure the certified copy of the German application until after judgment had been entered against him in the interference proceeding. Therefore, say the defendants, plaintiff has slept on his rights, and should not, in an equitable proceeding, be permitted to introduce evidence which he had been lax in obtaining, and which the Patent Office had no opportunity to consider in determining whether the plaintiff was entitled to priority.

I think that defendants' argument would place the plaintiff in a more unfavorable light than the circumstances warrant. It appears highly unlikely that the plaintiff would have been able to secure a certified copy of the Hopff and Rapp application from the German Patent Office during the time when the United States and Germany were at war. It is true that the Patent Office had no opportunity to consider the German application of Hopff and Rapp in determining whether the plaintiff was entitled to priority; but the same thing can be said of any "new" evidence which is subsequently presented to the District Court in a suit under R.S. § 4915.

■ Defendants further contend that the plaintiff, having realized his predicament in being unable to furnish for the United States Patent Office a certified copy of the German application, should have attempted to present other evidence to establish the German filing date of the Hopff and Rapp application. This may be sound hindsight advice; but the Court notes that during the pendency of the interference proceeding, there was authority for the proposition that nothing short of the certified copy of the application, together with a sworn translation thereof, would suffice to establish the foreign filing date. Ex parte Kuhn and Strobele, 59 U.S.P.Q. 111.

I think that the plaintiff's conduct in the Patent Office proceeding, viewed in a light most favorable to the defendants, cannot be said to indicate anything more than some lack of diligence on plaintiff's part. I can find no authority for the proposition that some lack of diligence in obtaining evidence for use in an interference proceeding will render such evidence inadmissible in a subsequent suit under R.S. § 4915—especially where, as here, the defendants cannot make a persuasive appeal to the equitable conscience of the Court on the ground that they are prejudiced or surprised by the offer of such evidence. The defendants in the instant case have known at least since December, 1942, that the plaintiff would rely on the filing date of the German application of Hopff and Rapp to establish priority of invention.

■ The Court will admit into evidence the certified copy of the German patent application of Hopff and Rapp, together with the sworn translation thereof. It follows, from the stipulation of the parties, that judgment will be entered for the plaintiff.

### Conclusions of Law.

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. The German patent application of Hopff and Rapp, together with the sworn translation thereof, will be admitted into evidence.

3. A decree may be submitted in accordance with the foregoing opinion.