**KINNEAR v. MARZALL, Commissioner of Patents.**

**Civ. No. 1619–49.**

United States District Court
District of Columbia.

Jan. 23, 1951.

John W. Malley, of Cushman, Darby & Cushman, Washington, D. C., for plaintiff.

E. L. Reynolds and H. S. Miller, Washington, D. C., for defendant.

PINE, District Judge.

This is an action under 35 U.S.C.A. § 63, R.S. § 4915, to authorize the reissue of an invalid patent pursuant to 35 U.S.C.A. § 64, R.S. § 4916. The claims are drawn to rotary drill construction for use in the drilling of oil wells.

Plaintiff's original application contained 25 claims. They were rejected on the prior art. Amendments were filed, culminating in the final rejection of all claims.

Thereafter still further amendments were filed. These covered only the construction details of a roller cutter forming part of the drill. They were not entered, on the ground that the application was under final rejection and the amendments did not place the application in condition to be passed for issue, and plaintiff was advised that he had the option of basing an appeal either on (1) the claims as finally rejected or on (2) the claims contained in the last amendments. On the record in the case as then made, it appeared to plaintiff that he would prevail on appeal by adopting the second alternative, and thereby would obtain patent protection. Accordingly, he appealed on the claims contained in the last amendments, and canceled the others drawn to the entire structure.

The Board of Appeals confirmed his view in' this regard, and held that there was a patentable difference between the plaintiff's device and that disclosed by the prior art, but that his claims failed to define the difference. Acting on this holding, plaintiff submitted two new claims intended to cure the defect, and the Board held that they, if properly presented, should be entered and allowed. Whereupon plaintiff canceled the claims on appeal, substituted the claims approved by the Board, and patent was issued thereon. These claims, two in number, like the canceled claims from which they evolved, defined the details of construction of the roller cutter, and nothing more. They likewise appeared on the record made to be sufficient to afford patent protection' to the plaintiff; but it soon developed that he was in error in this respect and that the patent issued to him was inadequate. He thereupon filed his' application for reissue, presenting the two original patented claims and other claims of like nature, and also new claims designed more closely to approach the definition of the real invention disclosed. Then for the first time he was met by the citation of a patent, not previously in the record nor cited in the original proceedings, which established beyond question that his original patent for the roller cutter was invalid. The original patented claims and others of like nature

were accordingly rejected on the newly cited patent, and they have been abandoned.[1] However, the Board of Appeals held that the new claims of plaintiff defined invention and were patentable, but rejected them on the ground of estoppel.

Plaintiff thereupon brought this action to authorize the reissue of an invalid patent under 35 U.S.C.A. § 64, supra, which provides that "Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, * * * the commissioner shall, on the surrender of such patent * * * cause a patent for the same invention * * * to be reissued to the patentee * * *."

There is no dispute that the prior patent is invalid, and that it is invalid by reason of an "insufficient specification,"[2] and by claiming "more than he had a right to claim as new." There is also no dispute as to the patentability of plaintiff's claims, and that question is not before me.

The dispute is whether the error arose by "inadvertence, accident, or mistake," and whether the application is for the same invention. I shall discuss the disputed issues in the order named.

■ It appears from the facts above set forth that throughout the proceeding on the original application, both the Patent Office and the plaintiff acted on a record which was not only incomplete, but incomplete in a vital respect, and both made decisions and committed errors as a result thereof. To be sure, as it now turns out, the examiner acted correctly in refusing to enter the appealed claims on the roller cutter, notwithstanding this defective record; but the plaintiff, in exercising his option as to the course he should pursue on appeal, chose one fatal to his rights because of such defective record. It is not unreasonable to infer that, had the record been correct, plaintiff would not have prosecuted further his roller cutter claims, but would have given his attention to the perfection of valid claims on his disclosures for the entire construction which are now found to be patentable. On appeal, both the plaintiff and the Board of Appeals, acting without knowledge of the prior invalidating patent, made decisions and took action which it is inconceivable either would have taken had they had knowledge of the prior patent. As a result, plaintiff now finds himself in the position of having filed and relied on claims seemingly valid, suggested and approved by the Board of Appeals, which now are found to be invalid and which he would not have reasonably filed except for the omission in the record. Thus the whole course of the proceedings was permeated with error arising out of mutual mistake growing out of an omission in the record, and causing issuance of the invalid patent. I am therefore of the opinion that this is a mistake of the kind contemplated by the statute and one for which a court of equity should give relief.

Defendant, however, contends that the remaining claims on the reissue application are of substantially the same scope as the canceled claims, and that plaintiff therefore is estopped from asserting that his error arose by "inadvertence, accident, or mistake." In this connection he relies on In re Guastavino, 83 F.2d 913, 23 C.C.P.A., Patents, 1179, G-H Rim Co. v. Firestone Steel Products Co., 6 Cir., 29 F.2d 825; and In re McKesson, 56 App.D.C. 401, 11 F.2d 999. These hold that where a claim is deliberately canceled in the original application, it cannot be recaptured in a reissue application, the theory being that the deliberate cancelation precludes a holding of "inadvertence, accident, or mistake."

But this theory, though convincing in some circumstances, has no application in others such as are present in the instant case, and I can find no basis for conclud-

1. Two other claims were likewise rejected on the prior art, but they have been abandoned and have no relevancy to the questions here under discussion.

2. In the sense used in the statute, specification covers both specification and claims. American Automotoneer Co. v. Porter, 6 Cir., 232 F. 456.

ing that the authorities cited are apposite. Here we have a vitally defective record causing the "mistake" out of which arose the "error,"[3] both in the prosecution of claims and in the cancelation of others. To hold that plaintiff is estopped under such circumstances would thwart the statute, for the relief provided thereby to rectify error in presenting claims arising out of mistake would be nullified upon the concomitant error in canceling claims arising out of the same mistake. Or, as stated in Florence-Mayo Nuway Co. v. Hardy, 4 Cir., 168 F.2d 778, 784, in an opinion by Judge Parker, "It would seem absurd * * * to say that under the statute patentee is entitled to relief because. of inadvertence and mistake in failing to claim his invention but, under a court-made rule, must be denied any real relief because through the same inadvertence or mistake he canceled a claim in which the invention was embodied."

The Supreme Court, in Morey v. Lockwood, 8 Wall. 230, 75 U.S. 230, 19 L.Ed. 339, in passing upon a somewhat analogous situation, also gives support for the view here expressed. There the applicant was induced by the Patent Office to narrow his claims and patent was issued thereon. Then it was discovered that the patent cited by the Patent Office was no objection to the original broad claims and a reissue was sought on claims in substantially their original form. These were allowed, and patent issued thereon. The reissued patent was attacked as invalid, but the Supreme Court, in sustaining it, noted that the Patent Office, as in this case, contributed to the mistake, and held that "the Commissioner had full authority to grant the amendment; and, under the special circumstances of the case, it would seem to have been a duty, as the inventors were led into the error by himself, * * *." See also In re Crowell, 81 F.2d 402, 23 C.C.P.A., Patents, 859, which sustains the views set forth herein a case similar to the one at bar.

Although plaintiff argues convincingly on the facts that the reissue claims patentably distinguish from the original canceled claims in the recitation of features and elements found by the Board of Appeals to define invention, it is unnecessary for me to reach this point under my view of the law as above expressed. I am therefore of the opinion that estoppel has no application to the issues in this case.

■ On the second point, i. e., whether the reissue claims are for the "same invention" as the original patent, little need be said. The law, generally stated, is well settled by the Supreme Court, which has declared that they are for the same invention "if the reissue fully describes and claims the very invention intended to be secured by the original patent".[4] Both the claims and specification must be considered in reaching this determination.[5] In discussing this point, defendant omits reference to the specification of the original patent, and concerns himself solely with the claims of that patent in support of his contention that the reissue claims are not for the same invention. Therein lies his error, for a comparison of the specification of the original patent with the reissue clearly discloses, without the necessity for further particularization, that the latter is for the same invention under the definition above set forth. The case cited by defendant[6] is distinguishable on the facts and to a large extent is concerned with whether the cancelation of certain claims was due to inadvertence, accident, or mistake.

Finally, in this connection it is significant to observe that the Board of Appeals in this case did not reject on the ground of failure to claim the same invention, although that ground was given by the examiner, but pitched its decision on estoppel.

■ So far as the additional claim 16 is concerned, this court has no jurisdiction to act thereon, because the same was not

3. These are the words of the statute, 35 U.S.C.A. § 64.

4. U. S. Industrial Chemicals, Inc., v. Carbide, etc., Corp., 315 U.S. 668, 675, 62 S.Ct. 839, 843, 86 L.Ed. 1105.

5. In re Mayo, 129 F.2d 700, 29 C.C.P.A., Patents, 1192; Florence-Mayo Nuway Co. v. Hardy, supra.

6. In re Hicks, 58 App.D.C. 291, 29 F.2d 879.

passed upon by the Board of Appeals. Cherry-Burrell Corp. **v.** Coe, 79 U.S.App. D.C. 124, 143 F.2d 372.

Judgment will therefore be entered for plaintiff on reissue claims 5 to 14, both inclusive. Judgment will be entered for defendant on claim 16. Counsel will submit the same along with findings of fact and conclusions of law.